IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re ) | CIVIL NO. 12-00188 JMS-BMK |
| ) | |
| TERESA JEAN MOORE, ) | (Bankruptcy Case No. 10-00771) |
| ) | (Adv. Case No. 10-90154) |
| Debtor. ) | |
| _____ ) | ORDER AFFIRMING JUDGMENT |
| ) | OF BANKRUPTCY COURT |
| TERESA JEAN MOORE, ) | DISMISSING ADVERSARY |
| ) | PROCEEDING, AND GRANTING |
| v. ) | NON-PARTIES' MOTION TO |
| ) | DISMISS AND SUBSTANTIVE |
| Plaintiff-Appellant, ) | JOINDER |
| ) | |
| ASSOCIATION OF APARTMENT ) | |
| OWNERS OF THE WINDSOR, ) | |
| ) | |
| Defendant-Appellee. ) | |
| _____ ) | |

**ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT DISMISSING ADVERSARY PROCEEDING, AND GRANTING NON-PARTIES' MOTION TO DISMISS AND SUBSTANTIVE JOINDER**

**I. INTRODUCTION**

Pro se Plaintiff-Appellant/Debtor Teresa Jean Moore ("Moore") appeals pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001 from a March 28, 2012 Judgment of the U.S. Bankruptcy Court for the District of Hawaii ("March 28, 2012 Judgment"). The March 28, 2012 Judgment dismissed Moore's adversary proceeding, after a trial on the merits, that sought

damages against the Association of Apartment Owners of the Windsor (the "AOAO") for a violation of the automatic stay entered under 11 U.S.C. § 362(a).

In a related matter, Michael Kozak ("Kozak"), Case Lombardi & Pettit (the "Case firm"), John Morris ("Morris"), and Ekimoto & Morris (the "Ekimoto Firm") -- joined substantively by David Rosen ("Rosen"), the Law Office of David Rosen ("the Rosen Firm"), and PNC Bank, N.A. ("PNC") -- move to dismiss claims against them because they are not proper parties to this appeal.

Based on the following, the March 28, 2012 Judgment is AFFIRMED, and the Motion to Dismiss and Substantive Joinder are GRANTED.

## II.  BACKGROUND

### A.  Factual Background

The factual background leading to the underlying adversary proceeding is summarized in the March 13, 2012 Memorandum of Decision Regarding Defendant's Motion to Dismiss ("March 13, 2012 Decision") by U.S. Bankruptcy Judge Robert J. Faris ("Judge Faris"). The March 13, 2012 Decision contains findings of fact based upon evidence presented during a February 27, 2012 trial before the bankruptcy court. *See* Doc. No. 1-2, Mar. 13, 2012 Decision at 2-4. This court relies on those findings of fact here, and reiterates the basic findings.

Moore and her husband live (at least part time) in a unit in the Windsor, a Waikiki condominium managed by the AOAO. The unit was owned by Moore's mother, Pacita Heschelman, who died on January 21, 2009. Moore contends that she is entitled to a half interest in the property, as claimed in a pending state court probate proceeding. *Id.* at 2.

On December 18, 2009, the AOAO disconnected the garage door opener and cable television service for the unit, because the common area fees had not been paid. *Id.* Disconnecting the cable service also cut off Moore's telephone and internet service. *Id.* At the time, Moore had a suit pending in U.S. District Court for the District of Hawaii against mortgage lenders (apparently arising from a mortgage on the unit that had not been paid), and Moore added the AOAO as a defendant to that suit based on the AOAO's actions in disconnecting services. *Id.* at 2-3. (The suit was eventually dismissed.)

On March 18, 2010, Moore filed for bankruptcy, entitling her to the automatic stay under 11 U.S.C. § 362(a). On March 20, 2010, notice of the bankruptcy petition was mailed to the AOAO. That same day, however, the AOAO mailed to Moore a notice of non-judicial foreclosure on the unit. And on April 4, 2010, the AOAO personally served the foreclosure notice on Moore. The AOAO later retracted the notice and never conducted a foreclosure sale. *Id.* at 3.

3

At about the same time, the AOAO placed parking violation notices on vehicles belonging to Moore and her husband. A security guard told Moore she could not use the public areas of the Windsor. In a related matter, at an April 23, 2010 status conference in Moore's U.S. District Court litigation against the mortgage lenders, Moore asked the AOAO's attorney if the AOAO intended to conduct the AOAO's then-noticed nonjudicial foreclosure sale. The attorney responded that Moore "had not fared well in court and that the AOAO would take its chances." *Id.* at 4.

**B.     Procedural Background**

On December 27, 2010, Moore commenced this adversary proceeding, seeking damages for violation of the automatic stay. Her Complaint named not only the AOAO, but also PNC and the attorneys and their law firms that advised or represented the AOAO in both (1) the collection matters regarding unpaid common area fees, and (2) the federal litigation against the mortgage lenders. *See* Doc. No. 8-2, Morris Mot. Ex. A. On March 7, 2011 (memorialized by written order of April 5, 2011), Judge Faris dismissed that Complaint with leave to amend. Doc. No. 8-5, Morris Mot. Ex. D. Accordingly, on April 4, 2011, Moore filed a First Amended Complaint for Violation of the Automatic Stay against the AOAO and PNC. Doc. No. 8-6, Morris Mot. Ex. E. That is, the First Amended Complaint no longer sought relief against the attorneys and their law

firms, and those former parties did not participate as Defendants in the adversary proceedings after the First Amended Complaint was filed.

A non-jury trial was held before Judge Faris on February 27, 2012. Before the trial began, Moore appeared with attorney Anthony Locricchio ("Locricchio"), who filed a Motion to Continue trial based upon his recent surgery. Doc. No. 15-3, Pl.'s Reply Ex. 3 at 4. Locricchio indicated he was taking narcotic painkillers and was unable to proceed with trial. *Id.* He also indicated, however, that he did not represent Moore but, rather, represented the "estate" (the Estate of Pacita Heschelman, Moore's mother and former owner of the condominium unit). *Id.* at 3. Judge Faris denied the Motion to Continue, and the trial commenced with Moore proceeding *pro se*, as she had been prior to Locricchio's appearance. *Id.* at 11. After Moore rested, the AOAO moved for judgment as a matter of law, arguing (among other contentions) that Moore had failed to prove any damages as a result of any violation of the automatic stay. Doc. No. 15-4, Pl.'s Reply Ex. D at 77. Judge Faris took the matter under advisement. *Id.* at 91.

On March 7, 2012, before a decision was released, Locricchio filed a Motion to Disqualify Judge Faris from the bankruptcy proceeding under 28 U.S.C. § 455. Doc. No. 15-5, Pl.'s Reply Ex. 5. Judge Faris denied that Motion to Disqualify on March 14, 2012, concluding simply that "there is no reason for

5

recusal in this case." Doc. No. 510, *In re Moore*, No. 10-00771 (Bankr. D. Haw. Mar. 14, 2012).

Meanwhile, Judge Faris released his March 13, 2012 Memorandum of Decision. The March 13, 2012 Decision found that the Moore "proved a prima facie case that the AOAO violated the automatic stay by giving notice of foreclosure after her bankruptcy filing and by continuing to deprive her of the garage door opener and cable television access." Doc. No. 1-2, Mar. 13, 2012 Decision at 6. He also found the violation was "willful" under 11 U.S.C. § 362(k)(1), at least after April 23, 2010 when the District Court held the status conference on her litigation against the AOAO and the mortgage lenders. *Id.* at 8. Judge Faris, however, found that Moore had failed to prove any damages as a result of the violation of the automatic stay. *Id.* He rejected Moore's arguments that she was damaged by the value of time incurred by her husband, who apparently worked on her litigation matters. He also rejected her arguments that she was damaged by loss of rental income or that the stay violations led to her inability to confirm a Chapter 13 plan. *Id.* at 9-10. And he refused to award damages for loss of reputation or emotional distress that Moore contended were caused by the stay violations. *Id.* at 11-12. Accordingly, Judgment was entered on March 28, 2012 against Moore on the adversary proceeding. Doc. No. 10-20,

6

AOAO Opp'n Ex. R.

On April 9, 2012, Moore filed this appeal under 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001. Her Notice of Appeal names only the AOAO as an appellee. Doc. No. 1. On November 14, 2012, Moore filed her Opening Brief. Doc. No. 7. Moore's Opening Brief, among other matters, challenged the prior dismissals of Kozak, the Case Firm, Morris, the Ekimoto Firm, Rosen, the Rosen Firm, and PNC. Thus, on November 28, 2012, Morris and the Ekimoto Firm filed a "Motion to Dismiss any Attempted Appeal" against them. Doc. No. 8. On December 14, 2012, Rosen, the Rosen Firm, and PNC filed a Substantive Joinder in that Motion to Dismiss. Doc. No. 13. On December 3, 2012, the AOAO filed its Opposition Brief on the merits of the appeal. Doc. No. 10. And on February, 4, 2013, Moore filed her combined Response to the Opposition Brief and to the Motion to Dismiss (and Substantive Joinder). Doc. No. 17. The court decides the matters without an oral hearing under Local Rule 7.2(d).

### III.  STANDARD OF REVIEW

"The decision of the bankruptcy judge is reviewable by an Article III judge only by an appeal governed by the same rules applicable to appeals taken to the courts of appeals from the district courts." *In re Mankin*, 823 F.2d 1296, 1305

(9th Cir. 1987) (citing 28 U.S.C. §§ 157(b)(1), 158(a), (c)).  "The court reviews the Bankruptcy Court's findings of fact under the clearly erroneous standard and its conclusions of law de novo."  *In re Kimura*, 969 F.2d 806, 810 (9th Cir. 1992); *see also In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010) ("The Bankruptcy Court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo." (quotations omitted)).  The court "must accept the Bankruptcy Court's findings of fact, unless 'the court is left with the definite and firm conviction that a mistake has been committed.'"  *JTS Corp.*, 617 F.3d at 1109 (quoting *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009)).

## IV.  DISCUSSION

Moore raises four grounds on appeal.  First, she challenges the dismissals of Kozak, the Case firm, Morris, the Ekimoto Firm, Rosen, the Rosen Firm, and PNC.  Second, she contends the bankruptcy court abused its discretion in denying her motion to disqualify Kozak and the Case Firm.  Third, she contends the bankruptcy court abused its discretion in denying her claim for damages.  And fourth, she claims the bankruptcy court abused its discretion in denying her motion seeking Judge Faris' recusal.  The court addresses each ground in turn.

///

///

### A.      Dismissal of Kozak, the Case Firm, Morris, the Ekimoto Firm, Rosen, the Rosen Firm, and PNC

As to the first ground, Morris and the Ekimoto Firm (joined substantively by Rosen, the Rosen Firm, and PNC) have filed a Motion to Dismiss the appeal.  The Motion and Substantive Joinder are GRANTED.

The court lacks jurisdiction to review the dismissals of Kozak, the Case firm, Morris, the Ekimoto Firm, Rosen, the Rosen Firm, and PNC -- Moore named them in her original complaint in the adversary proceeding on December 27, 2010.  Doc. No. 10-2, AOAO Opp'n Ex. A; Doc. No. 1-1, Bankr. Dkt. at 3.  Judge Faris dismissed that Complaint with leave to amend on March 7, 2011.  Doc. No. 10-5, AOAO Opp'n Ex. D at 24.  Moore's Amended Complaint, however, named only the AOAO and PNC as Defendants.  Moore made no attempt to state further claims against any other Defendant.  At that point, she waived any further claim against those other Defendants.  *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that an amended pleading supersedes the original pleading such that "after amendment the original pleading no longer performs any function and is treated 'thereafter as nonexistent'") (internal quotations omitted); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal.  But for

9

any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

Indeed, Moore specifically acknowledges that she "withdrew the claim against the Defendants Kozak, Morris, Rosen and PNC." Doc. No. 15, Pl.'s Reply at 11. Likewise, she refers to Morris and the Ekimoto Firm as "non-parties," *id.* at 3, and states that "Attorneys Morris and Kozak are not parties to this appeal." *Id.* at 22. And in this regard, Moore named only the AOAO as an Appellee in her notice of appeal under Bankruptcy Rule 8001(a).[1] Unlike an appeal from a district court to a court of appeals, Rule 8001(a) requires the notice of appeal to "contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys[.]" *See,*

---

[1] Federal Rule of Bankruptcy Procedure 8001(a) provides, in pertinent part:

> An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal. The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee. Each appellant shall file a sufficient number of copies of the notice of appeal to enable the clerk to comply promptly with Rule 8004.

*e.g.*, *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1021 (5th Cir. 1991) ("Bankruptcy Rule 8001 governs the manner in which a bankruptcy court judgment or order is appealed to the district court.  Although modeled after Fed. R. App. P. 3, Rule 8001 mandates different requirements for the contents of a valid notice of appeal."); *Wien Air Alaska, Inc. v. Bachner*, 865 F.2d 1106, 1111 n.4 (9th Cir. 1989).  The Seventh Circuit explains the rationale for the different rule in a bankruptcy appeal:

> A bankruptcy will often spawn multiple subproceedings.  Whereas in normal civil litigation it can be safely assumed that everyone who is not an appellant must be an appellee, that is not a safe assumption in bankruptcy.  Many parties will be bystanders to a particular adversary proceeding, or other subproceeding, that has given rise to an appeal.  It is therefore important that the notice of appeal name the appellees.

*Fadayiro v. Ameriquest Mortg. Co.*, 371 F.3d 920, 922 (7th Cir. 2004).  This omission is "fatal" to Moore's appeal as to all Defendants except the AOAO.  *In re Personal Electric Transps., Inc.*, 2007 WL 1857340, at *3 (D. Haw. June 25, 2007).

**B.     Motion to Disqualify Kozak and the Case Firm**

Moore next contends that attorney Kozak -- who represents the AOAO in this adversary proceeding and also represented the AOAO when it was alleged to have violated the automatic stay -- and his law firm should have been

11

disqualified under Hawaii Rule of Professional Conduct 3.7.  Rule 3.7 provides that "[a] lawyer shall not act as an advocate at trial in which the lawyer is likely to be a necessary witness."  "Because of [the] potential for abuse, disqualification motions should be subjected to 'particularly strict judicial scrutiny.'"  *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (citation omitted).

   Moore named Kozak as a witness for trial, but did not explain why Kozak was "necessary" under Rule 3.7 -- she did not explain what testimony she intended to obtain from him, nor whether it was not available from other sources.  *See, e.g.*, *Chuck v. St. Paul Fire & Marine Ins. Co.*, 61 Haw. 552, 560, 606 P.2d 1320, 1325 (1980) (upholding denial of motion to disqualify attorney sought to be called as a witness, reasoning that the determination requires "considered evaluation of all pertinent factors including, inter alia, the significance of the matters to which he might testify, the weight his testimony might have in resolving such matters, and the availability of other witnesses or documentary evidence by which these matters may be independently established") (quoting *Comden v. Superior Court of L.A. Cnty.*, 145 Cal. Rptr. 9, 12, 576 P.2d 971, 974 (Cal. 1978)).  Judge Faris denied Moore's Motion to Disqualify, Kozak did not testify, and he served as the AOAO's attorney throughout the proceedings.

Moreover, even if Kozak's testimony (as an attorney for the AOAO when it was communicating with Moore after the automatic stay was in place) might have been relevant towards whether the AOAO's violation of the automatic stay was "willful," ultimately that question is not dispositive. Judge Faris found the violation to have been "willful" (without Kozak's testimony), but dismissed the adversary proceeding because Moore could prove no damages caused by the violation. Moore does not argue -- nor could she -- that Kozak's testimony was relevant towards proving Moore's damages. What's more, she gave no reason for seeking to disqualify Moore's entire firm, even if Kozak might have been a necessary witness. In short, the bankruptcy court did not abuse its discretion in denying to disqualify Moore or the Case Firm. *See, e.g.*, *Groper v. Taff*, 717 F.2d 1415, 1418 (D.C. Cir. 1983) (reviewing order disqualifying counsel for abuse of discretion).

## C.     Finding of No Damages

If a creditor willfully violates the automatic stay, a debtor "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). And Judge Faris correctly concluded that the debtor bears the burden of proving, by a preponderance of the evidence, that she suffered damages caused by the stay

violations. *See In re Dawson*, 390 F.3d 1139, 1148-49 (9th Cir. 2004); *In re Westman*, 300 B.R. 338 (Bankr. D. Minn. 2003) ("To prevail on a claim for violation of the stay, Debtor must establish that: (1) a violation occurred; (2) the violation was committed willfully; (3) the violation caused actual damages.") (citations omitted). A debtor must support a claim for damages with reasonable certainty. *See In re Heghmann*, 316 B.R. 395, 405 (B.A.P. 1st Cir. 2004) ("[A]ctual damages should be awarded only if there is concrete evidence supporting the award of a definite amount.") (citation omitted).

The March 13, 2012 Decision dismissed the action by granting judgment as a matter of law under Federal Rule of Bankruptcy Procedure 7052 because Moore had failed to prove by a preponderance of the evidence that she suffered any damages as a result of the violations of the stay. Doc. No. 1-2, Mar. 13, 2012 Decision at 8. After a review of the record, the court cannot say that this conclusion was clearly erroneous. *JTS Corp.*, 617 F.3d at 1109 ("The bankruptcy court's findings of fact are reviewed for clear error.").

Judge Faris correctly concluded as a matter of law that a non-attorney is not entitled to an award of attorneys' fees. *See Gonzalez v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987). And Judge Faris further explained that Moore's claim that she lost rental income from the condominium as a result of the AOAO's stay

violation is purely speculative.  He also reiterated that lost rental income generated from the unit belonged to her bankruptcy estate and not to her.  Doc. No. 1-2, March 13, 2012 Decision at 9.  The Decision also noted that Moore failed to produce any concrete evidence to establish that damages from Moore's loss of reputation were caused by any violation of the automatic stay.  There was also no credible evidence that the AOAO's actions caused her to lose business income.  *Id.* at 11.  Finally, Judge Faris -- who heard Moore's testimony and judged her credibility -- rejected Moore's claims that the AOAO's stay violation led to any emotional distress she may have suffered.  As Judge Faris explained, the record contains evidence of many stressors in Moore's life, and he concluded that the stay violation did not cause her a quantifiable amount of emotional harm.  *Id.* at 11-12.  This conclusion is supported by evidence (or lack of evidence) in the record, and this court cannot say it was clearly erroneous.

In sum, after a review of the record, the court is not left with a definite and firm conviction that a mistake was committed.  *JTS Corp.*, 617 F.3d at 1109 ("We must accept the bankruptcy court's findings of fact, unless the court is left with the definite and firm conviction that a mistake has been committed.") (citation omitted).

### D.     Post-trial Motion to Recuse Judge Faris

Finally, Moore challenges Judge Faris' post-trial Order denying her Motion to Disqualify. "A judge's decision not to recuse himself is reviewed for an abuse of discretion." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 714 (9th Cir. 1990).

Moore's Motion to Disqualify was based on 28 U.S.C. § 455, which provides, in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party[.]

"Under [§ 455], the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations, quotations, and alterations omitted). The alleged bias, however, "must usually stem from an extrajudicial source." *Id.* The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of

> themselves . . . they cannot possibly show reliance upon an extrajudicial source. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, "'expressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." *Pesnell*, 543 F.3d at 1044 (quoting *Liteky*, 510 U.S. at 555-56).

A recusal motion under § 455(a) "must be made in a timely fashion." *Davies v. Comm'r*, 68 F.3d 1129, 1131 (9th Cir. 1995) (quoting *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1997)). A motion for recusal must be made with "reasonable promptness after the ground for such a motion is ascertained." *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991). "[T]he absence of such a requirement would result in increased instances of wasted judicial time and resources and a heightened risk that litigants would use recusal motions for strategic purposes." *Id.* Without such a requirement, parties would be encouraged to "withhold recusal motions, pending a resolution of their

17

dispute on the merits, and then if necessary invoke section 455 in order to get a second bite at the apple." *E. & J. Gallo*, 967 F.2d at 1295.

Applying those standards, Judge Faris did not abuse his discretion in refusing to disqualify himself. First, Moore cited no extrajudicial source for her allegations of bias. Her Motion was based entirely on decisions Judge Faris made during the course of the adversary proceeding, such as his refusal to continue the trial when attorney Locricchio made an appearance at time of trial citing an inability to proceed based on his recent surgery. *See* Doc. No. 15-5, Pl.'s Reply Ex. 5 at 25-27. Such rulings are not a basis for recusal. *See Liteky*, 510 U.S. at 555. Further, the Motion was not timely, having been made only after Judge Faris ruled against Moore on several matters. *See Preston*, 923 F.2d at 733. And, although Judge Faris ultimately ruled against Moore on the merits, the record reveals absolutely no indication of bias. There is nothing in the record indicating that "a reasonable person with knowledge of all the facts would conclude that [Judge Faris'] impartiality might reasonably be questioned." *Pesnell*, 543 F.3d at 1043.

///

///

///

## V. CONCLUSION

For the foregoing reasons, the court AFFIRMS the March 28, 2012 Judgment of the U.S. Bankruptcy Court dismissing Moore's adversary proceeding No. 10-90154.  The Motion to Dismiss by the non-parties, Doc. No. 8, and the Substantive Joinder, Doc. No. 13, are GRANTED.  The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii,  February 22, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*In re Moore; Moore v. Ass'n of Apartment Owners of the Windsor*, Civ. No. 12-00118 JMS-BMK, Order Affirming Judgment of Bankruptcy Court Dismissing Adversary Proceeding, and Granting Non-Parties' Motion to Dismiss and Substantive Joinder